# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br>          **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> ) <br> **MARIO ORTEGA JR., et. al.,** ) <br> ) <br>          **Defendants.** ) <br> _____ ) | **No. CR 09-535-TUC-CKJ (CRP)** <br><br> **REPORT & RECOMMENDATION** |

On Friday, June 26, 2009, the Court held a hearing on Defendant Diane Garrett's three pending motions. (Docs 43, 44, 45). No evidence was presented at the hearing. Counsel for Defendant Garrett argued to suppress evidence, dismiss a count, sever defendants and/or counts, and for the Court to grant a *James* hearing. Government responded that Defendant Garrett lacked standing to suppress the evidence at issue and that dismissing a count and sever defendants or counts was not appropriate. The Government also presented caselaw in which the Ninth Circuit rejected the Fifth Circuit's pretrial *James* hearing.

## Alleged Facts

The Government alleges that on March 4, 2009, Border Patrol agents observed

1 potential criminal activity while on a routine check at a Super 8 motel in Nogales, Arizona. Agents at the Super 8 motel noticed two large garbage bags filled with used rolls of contact paper and empty air freshner packages in the vicinity of Room 325. Suspecting criminal activity, Border Patrol conducted surveillance of Room 325 and the motel. During surveillance, agents observed two males exit Room 325 with suitcases. The men placed the two suitcases in the bed of a white truck and went back into Room 325. A few minutes later the men returned to the truck, retrieved the suitcases and took them back into Room 325. At that point, agents saw Defendant Garrett arrive at Room 325. Shortly after her arrival, she left the room with the two men and headed to the motel office. The men had the suitcases with them. The suitcases, Defendant Garret, and one of the men boarded a white shuttle van headed for the Phoenix area.

The van was subsequently stopped at a permanent immigration checkpoint. Agents asked the shuttle passengers to claim their luggage and the two suitcases from Room 325 went unclaimed. Other passengers in the van identified the two suitcases as belonging to Defendant Garrett and the man traveling with her. Border Patrol agents eventually discovered one bundle of marijuana wrapped in contact paper in each of the two suitcases.

As a result of finding the marijuana in the two suitcases that had been carried out from Room 325, agents at the Super 8 motel then searched Room 325. In the room, agents discovered another bundled of marijuana. The Government states Border Patrol discovered three bundles of marijuana in total weighing approximately 72 pounds or 32.61 kilograms.

The Government charged Defendant Garrett with conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D).

**Discussion**

In her first motion, Defendant Garrett argues Count 1 of the Indictment against her should be dismissed and the evidence found in Room 325 of the Super 8 motel should be suppressed. Defendant Garrett argues the marijuana discovered in Room 325 is not connected to her and it should be suppressed for lack of probable cause as to her.

A defendant must have had a legitimate expectation of privacy in the place that was searched in order to allege a violation of her Fourth Amendment rights. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *United States v. Pulliam*, 405 F.3d 782, 786 (9th Cir.2005). In order to have standing to challenge the search of a hotel room under the Fourth Amendment, a defendant must establish a reasonable expectation of privacy in the room. *United States v. Dorais*, 241 F.3d 1124, 1128 (9th Cir.2001) (*citing Minnesota v. Olson*, 495 U.S. 91, 95 (1990)).

In her affidavit filed with her motion to suppress, Defendant Garrett argued there was a lack of connection between her and the marijuana found in Room 325 because she did not stay in that room. Defendant Garrett stated she spent the night in Room 326. Defendant Garrett also stated she was in Nogaleas to shop and was headed back to Chandler when agents stopped the shuttle in which she was riding. Defendant did not establish that she had a reasonable expectation of privacy in Room 325. She did not stay in the room the night prior to agents search of it; stating, instead, that she stayed in Room 326. Furthermore, Defendant Garrett had vacated the motel completely when she boarded the shuttle intending to leave Nogales and return to the Phoenix area. This Court recommends that Defendant Garrett's Motion to Suppress be denied.

In the same motion, Defendant Garrett argues Count 1, the conspiracy charge, should be dismissed because it erroneously combines two separate conspiracies. Defendant Garrett argues two alleged conspiracies exist in this case. The first conspiracy involves the marijuana found in the luggage on the shuttle Defendant Garrett was riding and the second involves the marijuana discovered in Room 325. Defendant Garrett argues these conspiracies should be separated because she was only allegedly part of the conspiracy involving the marijuana found in the shuttle.

Federal Rule of Criminal Procedure 8(a) requires that each count of an indictment or information charge a different offense. An indictment is duplicitous where a single count joins two or more distinct and separate offenses. *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir.1976), *cert. denied*, 430 U.S. 966 (1977). An indictment should not be

dismissed for duplicity, however, if it "can be read to charge only one violation in each count." *United States v. Martin*, 4 F.3d 757, 759 (9th Cir.1993) (internal citations omitted).

In this case, the Government argues only one conspiracy existed. It alleges Border Patrol agents observed the co-defendants carry two suitcases out of Room 325 and put them in the shuttle bound for Phoenix. These suitcases were later discovered to contain two bundles of marijuana. When agents later searched Room 325 they discovered another bundle of marijuana. The three bundles of marijuana involved in this case all originated in Room 325. The indictment can be read to charge only one conspiracy. The Court recommends that Defendant Garrett's Motion to Dismiss Count 1 of the Indictment be denied.

In her second motion, Defendant Garrett argues the Court grant her a separate trial because she believes the Government intends to introduce statement(s) made by co-defendants that implicate her and that she would not have an opportunity to cross-examine co-defendants on those statements.

Federal Rule of Criminal Procedure 14 provides that if it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. While severance is sometimes appropriate, the public has a substantial interest in the joint trial of defendants who are indicted together. *United States v. Camacho*, 528 F.2d 464, 470 (9th Cir. 1976). The public's interest may be outweighed by constitutional concerns for the defendant. An out-of-court statement by a non-testifying co-defendant that is admitted at trial and inculpates the defendant denies that defendant of his right to cross-examine the co-defendant. A denial of a defendant's right to cross-examination violates an accused's Sixth Amendment rights. *Bruton v. United States*, 391 U.S. 123, 126 (1968). To avoid the constitutional violation identified in *Bruton*, courts sever the case and have separate trials for the defendants.

In this case, it appears one or more of Defendant Garrett's co-defendants may have made out-of-court statements that could be introduced at trial against Defendant Garrett and

create a *Bruton* violation. The Government anticipates that co-defendants will testify at trial and thus, Defendant Garrett will have an opportunity for cross-examination. The Government acknowledges that a *Bruton* issue will necessitate a severance of defendants if out-of-court statements are introduced and the defendant making those statements is not available for cross-examination. At this time, the Court recommends dismissing Defendant Garrett's motion to sever without prejudice. If and when it becomes apparent that out-of-court statements by non-testifying co-defendants will be introduced at trial, Defendant Garrett or other defendants may bring this motion again.

In the motion to sever, Defendant Garrett also argues severance is appropriate because the jury could not segregate the evidence as it applied to each defendant. The Court does not agree. This is a relatively simple factual case. It involves one alleged conspiracy occurring on a single day, three alleged bundles of marijuana, two locations allegedly connected by the Border Patrol observations, and five defendants. This Court recommends that the motion to sever be denied with regard to severing to avoid confusion to the jury.

In her third motion, Defendant Garrett argues a *James* pretrial hearing is necessary to determine whether there is sufficient evidence of a conspiracy. Defendant argued a *James* hearing is the Fifth Circuit's preferred pretrial procedure to attempt to avoid prejudice of multiple hearsay from co-conspirators in multi-conspirator cases. *United States v. James*, 590 F.2d 575 (5th Cir.1979), *abrogation recognized by United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir.1992) (*James* has never required a hearing outside the presence of the jury to determine the existence of a conspiracy).

The Ninth Circuit rejected the Fifth Circuit's pretrial procedure identified in *James*. *United States v. Zemek*, 634 F.2d 1159, 1169 fn. 13 (9th Cir.1980). The Court, instead, determined trial courts could rule on the admissibility of co-conspirator statements when the evidence is presented at trial. *Id*. If the government fails to prove the existence of a conspiracy during the course of a trial, the co-conspirator's statements can be stricken from evidence without unduly prejudicing the jury. *Id*. This Court recommends Defendant Garrett's motion for a *James* hearing be denied.

**Recommendation**

It is the recommendation of this Court that the District Court after its independent review:

1. Deny Defendant Garrett's Motion to Dismiss Count 1 and Motion to Suppress Evidence (Doc 43);

2. Dismiss without prejudice Defendant Garrett's Motion to Sever (Doc 44). If and when it becomes evident that non-testifying co-defendants' out-of-court statements will be introduced at trial, affected defendant(s) should bring this motion again;

3. Deny Defendant Garrett's Motion for a *James* Hearing (Doc 45).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **cr-09-535-CKJ**.

DATED this 29th day of June, 2009.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE